[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

No. 92-1911

VINCENT F. ZARRILLI,

Plaintiff, Appellant,

v.

CAPITOL BANK & TRUST CO.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. W. Arthur Garrity, U.S. District Judge]

Before

Torruella, Cyr and Boudin,
Circuit Judges.

Vincent F. Zarrilli on brief pro se.

Ann S. DuRoss, Assistant General Counsel, Richard J. Osterman,

Jr., Senior Counsel, Robert D. McGillicuddy, Deputy Senior Counsel, J.

Scott Watson, Senior Attorney, and J. Kendall Rathburn, Senior

Attorney, Federal Deposit Insurance Corporation, on brief for
appellee.

May 11, 1993

Per Curiam. We have reviewed the parties' briefs and the record

on appeal. We conclude that there was no abuse of discretion in the

district court's denial of appellant's motion, filed pursuant to Fed.

R. Civ. P. 60(b)(6), which sought to vacate a judgment entered in

February 1980. Appellant has given no explanation, much less shown

extraordinary circumstances, to excuse his failure to appeal that

judgment. "Rule 60(b)(6) may not be used to escape the consequences

of the movant's dilatory failure to take a timely appeal." Mitchell

v. Hobbs, 951 F.2d 417, 420 (1st Cir. 1991).

And, his explanation for the 11 year delay in presenting his Rule

60(b)(6) motion to the district court - that he believed that the

district court should have before it the bankruptcy court record,

which had been, and still is, lost - does not constitute extraordinary

circumstances. Appellant learned in September 1981 that the record

was lost. If, as appellant claims, this bankruptcy record was

important to his district court case, he could have, and should have,

filed his Rule 60(b) motion at that time, along with the notice from

the Federal Archives and Record Center and appellant's own copies of

the bankruptcy record documents which he has had all along.

Appellant's waiting until 1991 to do what he could have done ten years

earlier does not warrant vacating the underlying judgment.

In any event, we have reviewed the grounds that appellant raises

for vacating the 1980 district court judgment and they have no

merit.*

Affirmed.

*Appellant has moved for leave to file a supplemental appendix. From
aught we can tell, none of the documents in that supplemental appendix
were before the district court and so are not properly part of the
record on appeal. See Fed. R. App. P. 10(a). The motion is,

therefore, denied. In any event, we have reviewed that supplemental

appendix. Nothing therein changes our disposition of this appeal.